Dear Mr. Knight:
You have requested an opinion of the Attorney General regarding the accounting practices associated with the Washington Parish Clerk of Court's (Clerk) Advance Deposit Accounts for the payment of court costs in civil suits. You state that the Clerk's Advance Deposit Account II has a surplus of approximately $50,000 which is not related to refunds due on any particular suit, but rather the failure of the Clerk's office to transfer fees earned from the individual suits as they became due to the Clerk's Salary Fund.
You further state that the Clerk presently maintains an Advance Deposit Fund III which has been the sole recipient of fees since September, 1986.
You ask our opinion as to whether it would be legally permissible to transfer the surplus from the Advance Deposit Account II into the Clerk's Salary Fund. The Advance Deposit Account II would then be closed.
LSA-R.S. 13:781 provides in pertinent part, the following:
 ". . . the clerk of the district court shall collect all fees and charges due his office and deposit them in a fund known as the Clerk's Salary Fund."
LSA-R.S. 13:842 provides in pertinent part, the following:
"Section 842. Advanced costs
 A. The clerks of the district courts shall demand and receive from the plaintiff or plaintiffs in each ordinary suit, whether accompanied by conservatory writs or not, not less than twenty dollars or such other amount as may be fixed by law for advanced costs, to be disbursed to the clerk's salary fund or to others as their fees accrue . . .
 B. After an ordinary suit has been filed, if a period of five years elapses without any pleading being filed and the suit has been completely inactive during this five year period, the clerk shall refund any unused balance remaining in the Clerk's Advance Deposit Fund (to the credit of this particular suit) to the person who made the original deposit, after paying all fees or other charges of record in the suit. Probate matters are specifically excepted from the provisions of this Subsection B."
A similar issue involving the Washington Parish Clerk of Court was addressed by the Attorney General's Office in Opinion No. 87-836. Therein, the author concluded that if all suits whose advanced deposits were placed in the Advance Deposit Account were closed and the proper refunds given, any excess representing fees earned by the Clerk could be transferred from the account to the Clerk's Salary Fund. Assuming these requirements have been met as to the account before us now, we see no legal prohibition against the transfer to the Salary Fund.
However, we draw your attention to LSA-R.S. 13:785 which mandates the clerk to pay into the parish treasury at the expiration of the term of office, any balance in the Clerk's Salary Fund which exceeds one-half of the revenues of the last year of the term. We recommend that the Clerk confer with his CPA to determine whether or not a portion of these surplus fees should be remitted to the parish treasury.
Trusting this adequately responds to your request, I remain,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/lbw